**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| KENNETH LAMOTHE, JR. | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | **CIVIL ACTION NO** |
| | § | **4:19-cv-00090** |
| **U.S. BANK NATIONAL ASSOCIATION** | § | |
| **and MARINOSCI LAW GROUP PC,** | § | |
| *Defendants* | § | |

## PLAINTIFF'S AMENDED COMPLAINT

To the Honorable Judge of Said Court:

**COMES NOW, KENNETH LAMOTHE, JR.,** Plaintiff and files this, his First Amended Complaint against **U.S. Bank National Association**, and **Cornerstone Home Lending, Inc.**, Defendants, and in support thereof would respectfully show this Court the following:

### I. NATURE OF THE CLAIM

1. This is an action brought by the Plaintiff against U.S. Bank National Association for breach of contract, and against both Defendants for violations of the Texas Debt Collection Act ("TDCA") (Tex. Fin. Code §392.301) and violations the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. § 1692, *et. seq.*).

### II. PARTIES

2. Plaintiff, Kenneth LaMothe, is a citizen of the United States and a resident in Tarrant County, Texas.

3. Defendant U.S. Bank National Association ("USBank") is a national bank chartered by the Comptroller of the Currency, being domiciled outside Texas but conducts business in Tarrant County, Texas. U.S. Bank may be served through its registered agent CT Corporation at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3136. In part, because USBank

personnel have communicated to Plaintiff that USBank is acting not for itself but for an investor, on information and belief USBank is acting in regard to Plaintiff in fiduciary capacity, and likely will have to be named differently herein after some discovery.

4. Defendant Marinosci Law Group ("Marinosci") is a foreign professional corporation organized outside of Texas, but conducting business in Tarrant County, Texas. They may be served through their registered service agent Christopher K. Baxter at 14643 Dallas Parkway, Suite 750, Dallas, TX 75254. Marinosci Law Group regularly engages in debt collection.

5. Each Defendant is engaged in "debt collection" as defined by Texas Finance Code §392.001(5) as an action, conduct, or practice in collecting, or in soliciting for collection, consumer debts that are due or alleged to be due a creditor. Each Defendant holds itself out to be in the business of collecting consumer debts in this jurisdiction.

6. Each Defendant is a "debt collector" as defined by Texas Finance Code §392.001(6) as "a person who directly or indirectly engages in debt collection."

7. Plaintiff is a "consumer" as defined by Texas Finance Code §392.001(1) and the Loan as described below is an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction, hence is a "consumer debt" as defined by Texas Finance Code §392.001(2).

### III. JURISDICTION AND VENUE

8. This action was removed to this Court, as State Court Action was pending within this district and division. 28 U.S.C. §§ 124(a)(2), 1441, 1446(a).

9. Venue is proper in the United States District Court for the Northern District of Texas, Fort Worth Division. This court has original jurisdiction over this action based on diversity jurisdiction because U.S. Bank is now, and was at the time this action commenced, diverse in

citizenship from Plaintiff, and the amount in controversy exceeds the minimum jurisdictional amount.

### IV.  FACTS

10. The real property transactions which give rise to this lawsuit involve the acquisition and sale of interests in real property situated in Tarrant County, Texas, and the relief sought involves primarily real property in Tarrant County, Texas, described as Lot 50, in Block F, of SOUTHWIND ADDITION, an Addition to the City of Arlington, Tarrant County, Texas, according to the map or plat thereof recorded in/under Cabinet A, Slide 11853, Plat Records, Tarrant County, Texas, known locally as 9309 Water Oak Court, Arlington, Texas 76002 (the "Property").

**Mortgage Transaction**

11. The transaction (sometimes hereinafter referred to in a collective sense as the "Loan") at the root of this case was closed on or about June 13, 2013 ("Closing"), whereupon Plaintiff executed a $197,302 note (hereinafter "Note") and Plaintiffs executed a Deed of Trust ("Security Instrument") for the benefit of Cornerstone, covering the Property. Examination of the public record available in the Official Public Records of the County Clerk of Tarrant County and other records disclosed:

12. The Security Instrument as above described, recorded June 19, 2013 as instrument D213158975 in the Official Public Records of the Clerk of Tarrant County, Texas (all such references hereinafter are to such Records, unless otherwise specified).

13. Plaintiff is aware of no indorsement or allonge to the Note, nor of the date thereof.

14. Transfer of Lien dated June 25, 2014 from Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Cornerstone to USBank, of record July 3, 2014 as instrument D214142060.

15. Appointment of Substitute Trustee dated October 11, 2017 by Darlene S. Powers, claiming to act as an officer of USBank, purporting to appoint various persons, including David Stockman, as substitute trustee.

16. A Notice of Trustee's Sale, signed by David Stockman, threatening a sale of the Property on January 2, 2019, was executed by Mr. Stockman on October 22, 2018 and filed of record October 22, 2018 with the Tarrant County Clerk. Plaintiff states that he has not received either a copy of the Notice of Trustee's Sale from any Defendant, nor has he received notice of the mailing to him of the Notice of Trustee's Sale.

17. Plaintiff states that he has not at any time received a notice of default and opportunity to cure in the form and manner required by Texas Property Code §51.002(d) with respect to the Loan.

**Applicable Texas Law**

18. Texas law regarding capacity to act as the Mortgagee is clearly set out in Property Code Chapter 51, where §51.001 provides the critical definitions (emphasis supplied):

> [(3)] "Mortgage servicer" means the last person to whom a mortgagor has been instructed by the **current mortgagee** to send payments for the debt secured by a security instrument. A mortgagee may be the mortgage servicer.
> [(4)]"Mortgagee" means:
>
>> (A) the **grantee, beneficiary, owner, or holder** of a security instrument;
>> (B) a book entry system; or
>> (C) **if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record**.

19. The record in the Official Public Records of the Clerk of Tarrant County, Texas, including the Deed of Trust and subsequent instruments detailed above, taken together with (a) the

apparent superficially undisclosed fiduciary role of USBank with respect to the Note and the claimed lien, and (b) the failure of USBank to issue a statutorily mandated (Texas Property Code §51.002(d)) notice of default and opportunity to cure to Plaintiff before issuance of the Notice of Trustee's Sale, it would appear that the substitute trustees claiming to act under the Appointment and Notice of Trustee's Sale lack authority to act, and that the Notice is statutorily insufficient.

20. There is no authority for Defendant USBank to have threatened and/or to conduct a trustee's sale of the Property on January 2, 2019 or otherwise, or to issue any deed thereafter. Capacity to effect a nonjudicial foreclosure sale is no less important than standing to seek to effect a judicial foreclosure sale, and without proper capacity on the part of the trustee to effect such sale, neither USBank nor any third party can claim to be a good faith purchaser of the Property at a substitute trustee's sale, or thereafter through any party. *First Southern Properties, Inc. v. Vallone*, 533 S.W.2d 339, 341; 1976 Tex. LEXIS 189 *5; 19 Tex.Sup.J. 154 (Tex. 1976).[1] Defendants' and the substitute trustee's status (or lack thereof) with respect to the Loan at each critical time should be definitively adjudicated by this Court, and any trustee sale effected set aside.

**Texas Debt Collection Act - USBank**.

21. The actions of Defendant USBank in threatening and/or effecting a substitute trustee's sale of the Property and/or thereafter in seeking eviction of Plaintiff from the Property, were in each instance violations of the TDCA including, but not limited to:

   a. In violation of Tex. Fin. Code §392.301(a)(8), the Defendant USBank threatened to take and/or did take several actions prohibited by law relating to threatened trustee's sale of the Property, in that:

---

[1] "It has been held that a purchaser under a power at a foreclosure sale obtains only such title as the trustee had authority to convey. *Slaughter v. Qualls, 139 Tex. 340, 162 S.W.2d 671 (1942)*; *Ford v. Emerich, 343 S.W.2d 527* (Tex.Civ.App. 1961, dism. w.o.j.); [**6] *Bowman v. Oakley, 212 S.W. 549* (Tex.Civ.App. 1919, writ ref'd)."

    (1)    Upon information and belief, Defendant USBank failed to give notice of default and opportunity to cure before giving notice of acceleration and substitute trustee's sale, in the form and manner, and with the legal capacity at the time of giving such notice(s), to comply with Texas Property Code §51.002(d), and/or wrongfully gave such notice due to lack of capacity at the time of any such notice (the latter because of nondisclosure of fiduciary capacity);

    (2)    Likewise, Defendant USBank gave one or more notices of sale that failed to comply with the requirements of Texas Property Code §51.002(b), because of the lack of proper preceding notices under Texas Property Code §51.002(d).

b.    In violation of Tex. Fin. Code §392.303(a)(2), Defendant USBank has collected or attempted to collect from Plaintiff interest or a charge, fee, or expense incidental to the Note when such interest or charge, fee or expense was not expressly authorized by the Deed of Trust and/or Note and legally chargeable to the Plaintiff, in that:

    (1)    Defendant USBank has failed to properly account for and acknowledge payments made and consequently has demanded payment from Plaintiff of sums in excess of those permitted under the Note and Deed of Trust, in some instances due to incorrect calculation of escrow requirements; and

    (2)    Defendant USBank has threatened to conduct one or more substitute trustee's sales of the Property, and thus to deprive Plaintiff of title, use and possession of the Property thereby.

    c.    In violation of Tex. Fin. Code §392.304(a)(8) and (19) and other subsections of such statute, the Defendant USBank, directly and/or on behalf of others, employed deceptive acts or practices and misrepresented the status of a debt and/or made a fraudulent representation to Plaintiff, intending that Plaintiff rely on that misrepresentation, in that:

        (1)    Defendant Wells USBank failed to properly calculate escrow requirements and properly bill accordingly, and therefore failed to account for and acknowledge payments made, and as a result of wrongful acceleration of the Note has refused to recognize and abide by the terms of the Note and Deed of Trust;

        (2)    Defendant USBank demanded Plaintiff pay one or more sums above the amounts provided by the Note and Deed of Trust and/or that were not owed to Defendant USBank due to USBank's wrongful demands for improper escrow requirements and improperly incurred fees.

    d.    Under Tex. Fin. Code §392.403, the Defendant USBank's violations of the TDCA render said Defendant liable to Plaintiff for statutory damages, injunctive relief, costs and reasonable attorney's fees.

22.    The acts of Defendant USBank (a) were debt collection activities, and (b) were in violation of and actionable under TDCA because they were actions taken that were prohibited by law. *Biggers v. BAC Home Loans Servicing, LP*, 2011 WL 588059, 2011 U.S. Dist. LEXIS 13104 (N. D. Tex. 2011). Defendant USBank should be considered to have acted for itself and for any other party in interest who may be discovered hereafter.

23. Plaintiff is entitled to actual damages, statutory damages, costs and reasonable attorney's fees for enforcement of his claims against said Defendant under TDCA.

**Texas Debt Collection Act - Marinosci**.

24. Defendant Marinosci violated TDCA in various respects, including but not limited to:

   a. In violation of Tex. Fin. Code §392.101(a), such Defendants, as well as USBank through the acts of the foregoing, threatened a substitute trustee's sale of the Property on multiple occasions, despite the prohibition of such statute that a "third-party debt collector may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state." The acts of such Defendants were "debt collection" activities, since residential real property foreclosure activity is covered by TDCA. *Biggers v. BAC Home Loans Servicing, LP*, 2011 U.S. Dist. LEXIS 13104, *2, *16; 2011 WL 588059, *1, *5 (N.D.Tex. 2011). At the time of such first threatened trustee's sale and since, there was no such bond on file and is no such bond on file with the Secretary of State of Texas, hence all collection activity since such first threatened foreclosure.

   b. In violation of Tex. Fin. Code §392.101(a), such Defendants, as well as Defendant USBank through the acts of the foregoing, threatened the most recent trustee's sale for Wednesday January 2, 2019, despite the prohibition of such statute that a "third-party debt collector . . . may not engage in debt collection unless the third-party debt collector . . . has obtained a surety bond issued by a surety company authorized

        to do business in this state as prescribed by this section. A copy of the bond must be filed with the secretary of state." At the time of posting notice of the October 22, 2018 (even though such notice was not properly given directly to Plaintiff), there was no such bond on file and is no such bond on file with the Secretary of State of Texas, hence all collection activity in that regard was unlawful and void.

   c.   In violation of Tex. Fin. Code §392.304(a)(8), such Defendants misrepresented the character, extent or amount of a consumer debt in a judicial proceeding, specifically the above-styled proceeding.

   d.   Under Tex. Fin. Code §392.403, such Defendants' violations of the TDCA render said Defendants liable to Plaintiff for statutory damages, injunctive relief, costs and reasonable attorney's fees, and Plaintiff now seeks only declaratory relief that the statutes were violated and the threatened January 2, 2019 sale is barred.

   e.   In violation of Tex. Fin. Code §392.202, Defendants failed to timely respond to Plaintiff's dispute of debt collection. Plaintiff seeks statutory damages, injunctive relief, costs and reasonable attorney's fees and any and all other relief to which he is justly entitled.

**Property Code Violations**.

25.   Defendant USBank's foregoing attempts to foreclose the claimed lien on the Property in the notices predicate to the nonjudicial foreclosure sale(s) were each a violation of Texas Property Code §51.002(d) and (b), in that there was not proper capacity for the giving of the several respective notices thereunder, nor for the threatened foreclosure. Specifically, Defendant USBank threatened to take and/or did take several actions prohibited by law relating to the threatened January 2, 2019 substitute trustee's sale(s) of the Property, in that:

a. Upon information and belief, Defendant USBank failed to give notice before giving notice of acceleration and substitute trustee's sale, in the form and manner, and with the legal capacity at the time of giving such notice(s), to comply with Texas Property Code §51.002(d), because there was no such notice given;

b. Likewise, Defendant USBank gave one or more notices that failed to comply with the requirements of Texas Property Code §51.002(b), including because of the lack of capacity to give such notice(s) at the time each such notice was given, since such notices were not preceded by valid notices under Texas Property Code §51.002(d).

**Breach of Contract**

26. In the alternative, if USBank should prove to have had ownership of the Note (whether or not in a fiduciary capacity), the substitute trustees putatively appointed by Wells Fargo had no authority to accelerate the Note or to give notices of default and opportunity to cure, nor to conduct the threatened June 5, 2018 foreclosure sale(s), each of which acts such Defendant nevertheless did and seek to do in violation of with TEX. PROP. CODE §§ 51.002(b), (d) and 51.0025(2). Defendant USBank, by violating the Texas Property Code, breached the express terms of the Deed of Trust contract. As a result of such Defendant USBank's wrongful conduct in such breach, USBank had and has no right to foreclosure of the Deed of Trust lien against the Property.

27. Under the terms of the Deed of Trust, the efforts of Defendant USBank to enforce the lien thereof and seek a foreclosure of Plaintiff's Property, when such Defendant knew or should have known that notices were not properly given to comply with applicable Texas law and with the Deed of Trust, were in each instance a breach of contract between the parties. The efforts of Defendant USBank to enforce the lien of the Deed of Trust were noticed in a form and manner not

fully compliant with Chapter 51, Texas Property Code, which constitutes a breach of contract between the parties.

28. USBank acted in breach of the contract of the parties in, among other acts:

a. Upon information and belief, USBank failed to give notice before giving notice of acceleration and substitute trustee's sale, in the form and manner, and with the legal capacity at the time of giving such notice(s), to comply with Texas Property Code §51.002(d);

b. Likewise, USBank gave one or more notices that failed to comply with the requirements of Texas Property Code §51.002(b), including because of the lack of capacity to give such notice(s) at the time each such notice was given.

29. As a proximate result of the foregoing wrongful conduct by USBank, Plaintiff has incurred actual damages by having title to, and possession, use and enjoyment of the Property jeopardized, and also his filing fees and reasonable and necessary attorney fees, for all of which he now sues.

## VI.
## INJUNCTIVE RELIEF

30. Injunctive relief, by issuance of a temporary restraining order and a temporary injunction, is proper and Plaintiff prays for the same (a) under the Court's inherent equitable powers, and (b) under Texas Finance Code §392.403(a)(1) to prevent foreclosure on Plaintiff since such foreclosure would be in violation of the latter statute. In part because Plaintiff will otherwise be irreparably harmed without an adequate remedy at law, Plaintiff seeks injunctive relief to bar any transfer of any interest in his homestead Property which is at issue in this suit; to bar any forcible detainer or foreclosure proceeding in any form or manner by Defendant USBank or otherwise; to stay any proceeding outside of or in any other Court to seek foreclosure of the

Property or possession of the Property by or for USBank or any party not yet named; and for an order barring further violations of FDCPA and TDCA.[2]

31.    The Property has been Plaintiff's residential homestead since closing of the Loan, and Plaintiff will be irreparably injured without adequate remedy at law if the Property's foreclosure is permitted to occur and the Plaintiff's use and benefit of the Property is impaired, or if Plaintiff were further threatened with foreclosure or evicted. Substantial recovery by Plaintiff is probable, in view of the factual and legal substance, and the number and size of the claims he makes, the possibility of exemplary damages, and his recovery of fees and costs.

32.    The risk to Defendant associated with issuance of a temporary restraining order and/or permanent injunction is truly minimal, and issuance of such an order would be in the public interest and specifically, in the interest of the integrity of the banking and home lending system that the Texas Legislature has addressed in numerous statutes. It would be in the public interest that parties are not permitted to seek foreclosure of claimed liens against Property in circumstances where there have been substantial and numerous violations of applicable law.

## VII.
## DAMAGES AND COSTS.

33.    Plaintiff seeks all statutory damages (including but not limited to those under TEX. FIN. CODE §392.403(e) and exemplary damages from Defendants, which are awardable to him under each and every of the herein cited statutes, common law theories and/or constitutional provisions. Plaintiff also sues Defendants for his actual damages, including under TEX. FIN. CODE §392.403(a)(2) as applicable, and for his reasonable and necessary attorney's fees and costs of court under each and every applicable claim at common law and under a cited statute and

---

[2] Such relief is clearly appropriate to support the statutory requirements of the Texas Debt Collection Act. *CA Partners v. Spears and Citifinancial, Inc.*, 274 S.W.3d 51, 61; 2008 Tex.App. LEXIS 6789 *9 (Tex.App.–Houston [14] 2008).

statutes into which each such statute may be incorporated, respectively, including but not limited to TEX. FIN. CODE §392.403(b). Plaintiff's damages are in each respect in excess of the minimum jurisdictional limits of this Court and within the jurisdictional limits of this Court.

## VIII.
## DECLARATORY JUDGMENT AS TO VOID DEEDS.

34. Any substitute trustee's deed to the Property executed pursuant to a substitute trustee's sale of June 5, 2018 and any other substitute trustee's sale, any conveyance since any such sale, and any other deed executed by or on behalf of any substitute trustee as to the Property are void because, among other things, USBank breached the Deed of Trust in dealing with Plaintiff, and because USBank violated the notice requirements of Chapter 51 of the Texas Property Code. All such deeds should be held void and all substitute trustee's deeds and subsequent deeds, whether or not filed of record as detailed hereinabove, should be removed from the chain of title to the Property, under Texas Property Code Chapter 22 and/or all other applicable law, including but not limited to Texas Constitution Article XVI, Section 50.

## IX.
## CONCLUSION AND PRAYER

WHEREFORE, Plaintiff requests that on final trial, this court:

a. Declare that Defendants USBank's actions violate the FDCPA and TDCA;

b. Enjoin the Defendants' actions which violate the FDCPA and TDCA;

c. Enter judgment in favor of Plaintiff for statutory damages, costs, and attorney's fees as provided by Tex. Fin. Code Ann. §§392.403 and 392.404;

d. Prohibit any further non-judicial foreclosure or forcible detainer proceeding or attempted foreclosure sale or related act by Defendants, their affiliates, agents, successors or assigns, with respect to the Property;

e.     Award Plaintiff compensatory damages as allowed by law;

f.     Award Plaintiff exemplary damages as allowed by law;

g.     Award Plaintiff his reasonable and necessary attorney's fees and costs;

h.     Award Plaintiff pre-judgment and post-judgment interest as allowed by law;

i.     Issue its order quieting title to the Property in Plaintiff subject to any valid and subsisting indebtedness, and voiding any trustee's deed resulting from the threatened January 2, 2019 sale, and every and any substitute trustee's deed(s) or other deed subsequent to any of the foregoing deed(s), under Property Code Chapter 22 and/or all other applicable law and removing such deed from the chain of title to the Property;

j.     Enjoin any action to interfere with Plaintiff's exclusive use and possession of his residential real property homestead (the Property), pending resolution of this case;

k.     Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_____

**Kenneth LaMothe, Jr.**
9309 Water Oak Court
Arlington, Texas 76002

**(Pro Se)**