## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **KENNETH LAMOTHE, JR.,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 4:19-cv-00090-Y** |
| | § | |
| **U.S. BANK NATIONAL ASSOCIATION,** | § | |
| **ET AL,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

---

### DEFENDANT U.S. BANK NATIONAL ASSOCIATION'S
### MOTION TO DISMISS AND BRIEF IN SUPPORT

---

## <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION .................................................................................................1

II.     STATEMENT OF FACTS .................................................................................2

III.    ARGUMENT AND AUTHORITIES...............................................................3

      A.      RULE 12(B)(6) STANDARD .................................................................3

      B.      THE LACK OF CAPACITY TO FORECLOSE CLAIMS FAIL .............................4

      C.      THE TEXAS PROPERTY CODE / WRONGFUL FORECLOSURE CLAIM FAILS .................5

      D.      THE TDCA CLAIM FAILS AS A MATTER OF LAW.......................................7

            1.      The Claim for Violation of Section 392.301(a)(8) Otherwise Fails ............8

            2.      The Claim for Violation of Section 392.303(a)(2) Otherwise Fails ...........9

            3.      The Claim for Violation of Section 392.304(a)(8) Otherwise Fails .........11

            4.      The Claim for Violation of Section 392.304(a)(19) Fails........................13

      E.      THE BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW .........................13

      F.      THE REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DENIED .................16

      G.      DISMISSAL WITH PREJUDICE IS APPROPRIATE .......................................16

IV.     CONCLUSION....................................................................................................17

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adams v. U.S. Bank, N.A.*
    3:17-CV-723-B-BN, 2017 WL 10296307 (N.D. Tex. Dec. 4, 2017) *report and
    recommendation adopted*, No. 3:17-CV-723-B-BN, 2018 WL 4621770 (N.D.
    Tex. Jan. 3, 2018)........................................................................................................1, 5, 15

*Adams v. U.S. Bank, N.A.*,
    No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *1 (N.D. Tex. Apr. 18, 2018),
    *report and recommendation adopted*, No. 3:17-CV-723-B-BN, 2018 WL
    2150960 (N.D. Tex. May 10, 2018)................................................................................ *passim*

*Alexander v. JPMorgan Chase Bank, N.A.*,
    No. 3:12–CV–00081, 2013 WL 391157 (S.D. Tex. Jan. 30, 2013) ........................................12

*Anderson v. National City Mortg.*,
    No. 3:11-CV-1687-N, 2012 WL 612562 (N.D. Tex. Jan. 17, 2012)........................................6

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009)..........................................................................................................3, 4

*Ashton v. BAC Home Loan Servicing, L.P.*,
    No. 4:13-cv-810, 2013 WL 3807756 (S.D. Tex. Jul. 19, 2013) ...........................................5, 6

*Baker v. Great N. Energy, Inc.*,
    64 F. Supp. 3d 965 (N.D. Tex. 2014) ...................................................................................14

*Barcenas v. Fed. Home Loan Mortg. Corp.*,
    No. H-12-2466, 2013 WL 286250 (S.D. Tex. Jan. 24, 2013).................................................6

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007), *cert. denied*, 552 U.S. 1182 (2008) .......................................................3

*Bircher v. Bank of N.Y. Mellon*,
    No. 4:12-cv-171-Y, 2012 WL 3245991 (N.D. Tex. Aug. 9, 2012) ........................................10

*Bittinger v. Wells Fargo Bank NA*,
    No. H–10–1745, 2011 WL 3568206 (S.D. Tex. Aug. 15, 2011)..............................................6

*Blackburn v. City of Marshall*,
    42 F.3d 925 (5th Cir. 1995) ..................................................................................................3

*Briggs v. Mississippi*,
    331 F.3d 499, 508 (5th Cir. 2003) .......................................................................................16

*Brinson v. Universal Am. Mortg. Co.*,
　　No. G-13-463, 2014 WL 4354451 (S.D. Tex. Sept. 2, 2014)....................................7

*Brooks v. Ocwen Loan Servicing*,
　　LLC, No. H–12–1410, 2012 WL 3069937 (S.D. Tex. July 27, 2012) ....................12

*Brown v. Oaklawn Bank*,
　　718 S.W.2d 678 (Tex. 1986).................................................................................7

*Broyles v. Chase Home Fin.*,
　　No. 3:10-CV-2256-G, 2011 WL 1428904 (N.D. Tex. Apr. 13, 2011) ...................16

*Burr v. JPMorgan Chase Bank, N.A.*,
　　No. 4:11–CV–03519, 2012 WL 1059043 (S.D. Tex. March 28, 2012) ...................8

*Butnaru v. Ford Motor Co.*,
　　84 S.W.3d 198 (Tex. 2002)...................................................................................16

*Caine v. Wells Fargo Bank, N.A.*,
　　No. H-17-2046, Doc. No. 60 (S.D. Tex. Jun. 8, 2018) ...........................................14

*Carey v. Wells Fargo*,
　　No. CV H-15-1666, 2016 WL 4246997 (S.D. Tex. Aug. 11, 2016) ...................5, 6

*Carrillo v. Bank of Am., N.A.*,
　　No. CIV.A. H-12-3096, 2013 WL 1558320 (S.D. Tex. Apr. 11, 2013).................12

*Chavez v. Wells Fargo Bank, N.A.*,
　　578 F. App'x 345 (5th Cir. 2014) ........................................................................13

*Clark v. Deutsche Bank Nat. Trust Co.*,
　　No. 3:14-CV-3590-B, 2015 WL 4093948 (N.D. Tex. July 7, 2015).......................9

*Cole v. Fed. Home Loan Mortgage Corp.*,
　　No. 3:11- CV-1833-M-BK, 2012 WL 555194 (N.D. Tex. Jan. 23, 2012) .............12

*Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*,
　　915 F.2d 167 (5th Cir. 1990) ...............................................................................16

*Cook v. Wells Fargo Bank, N.A.*,
　　No. 3:10-CV-592-D, 2010 WL 2772445 (N.D. Tex. Jul. 12, 2010).......................16

*England v. JPMorgan Chase Bank, N.A.*,
　　No. 4:14-CV-183-Y, 2014 WL 12588508 (N.D. Tex. June 19, 2014)..................5, 6

*Escuadra v. Geovera Specialty Ins. Co.*,
　　No. 1:09-CV-974, 2010 WL 3633009 (E.D. Tex. Sept. 9, 2010)..............................3

*Franklin v. BAC Home Loans Servicing, L.P.*,
　　No. 10–cv–1174, 2011 WL 248445 (N.D. Tex. Jan. 26, 2011)................................7

*Garza v. J.P. Morgan, Alternative Loan Trust, 2007-SI, Mortg. Pass-Through Certificates*,
  No. 1:17CV82, 2017 WL 6513655, at *5 (S.D. Tex. Oct. 25, 2017, *report and recommendation adopted*, No. CV B-17-082, 2017 WL 6498142 (S.D. Tex. Dec. 18, 2017)..............................................................................................................14

*Gomez v. Wells Fargo Bank, N.A.*,
  2010 WL 2900351 (N.D. Tex. July 21, 2012) ..........................................................7

*Guajardo v. JP Morgan Chase Bank, N.A.*,
  605 F. App'x 240 (5th Cir. 2015) ...........................................................................14

*Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*,
  205 S.W.3d 46 (Tex. App.—Dallas 2006, pet. denied).........................................14

*Hazzard v. ABN AMRO Mortg. Grp., Inc.*,
  No. A-11-CA-1019-SS, 2012 WL 8019258 (W.D. Tex. Feb. 23, 2012)..................4

*Hingst v. Providian Nat. Bank*,
  No. 14-02-01150-CV, 2003 WL 21467093 (Tex. Appx.—Houston [14th Dist.] June 26, 2003, no pet.) ..................................................................................8

*Iroh v. Bank of Am., N A*,
  No. 4:15-CV-1601, 2015 WL 9243826 (S.D. Tex. Dec. 17, 2015)........................6

*Johnson v. Vericrest Financial, Inc.*,
  No. 3:09-CV-1260-M, 2010 WL 3464971 (N.D. Tex. Aug. 27, 2010)...................6

*Jolem, LLC v. Select Portfolio Servicing, Inc.*,
  No. H-14-3301, 2015 WL 3823642 (S.D. Tex. June 18, 2015)...............................6

*In re Katrina Canal Breaches Litig.*,
  495 F.3d 191 (5th Cir. 2007) ...................................................................................3

*King v. Wells Fargo Bank, N.A.*,
  No. 3-11-CV-0945-M-BD, 2012 WL 1205163 (N.D. Tex. March 20, 2012) .........14

*Leffall v. Dallas Indep. Sch. Dist.*,
  28 F.3d 521 (5th Cir. 1994) ...................................................................................16

*Martin v. Wells Fargo Bank, N.A.*,
  No. 4:11-CV-442, 2013 WL 694009 (E.D. Tex. Feb. 26, 2013)..............................4

*Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*,
  195 F.3d 765 (5th Cir. 1999) .................................................................................16

*Martins v. BAC Home Loans Servicing, L.P.*,
  722 F.3d 249 (5th Cir. 2013) ..............................................................................4, 6

*Motten v. Chase Home Fin.*,
  831 F. Supp. 2d 988 (S.D. Tex. 2011) ........................................................................6

*Nelson v. Wells Fargo Bank, N.A.*,
  No. 4:17-cv-298-A, 2017 WL 3405525 (N.D. Tex. Aug. 7, 2017) ............................5

*Nolasco v. CitiMortgage, Inc.*,
  No. CIV.A. H-12-1875, 2012 WL 3648414 (S.D. Tex. Aug. 23, 2012) ................8

*Norris v. Hearst Trust*,
  500 F.3d 454 (5th Cir. 2007) ....................................................................................2

*Orona, et al, v. Bank of America, N.A., et al*,
  Case 3:18-cv-01678-C, Doc. No. 15 (N.D. Tex. Oct. 24, 2018) ..............................1

*Palomino v. Wells Fargo Bank, N.A.*,
  No. 615CV00375RWSKNM, 2017 WL 989300 (E.D. Tex. Feb. 17, 2017)............6

*Palomino v. Wells Fargo Bank, N.A.*,
  No. 615CV00375RWSKNM, 2017 WL 989300 (E.D. Tex. Feb. 17, 2017),
  *report and recommendation adopted,* No. 2017 WL 978930 (E.D. Tex. Mar.
  14, 2017) ....................................................................................................................5

*R2 Invs. LDC v. Phillips*,
  401 F.3d 638 (5th Cir. 2005) ....................................................................................3

*Randall D. Wolcott, M.D., P.A. v. Sebelius*,
  635 F.3d 757 (5th Cir. 2011) ....................................................................................2

*Rucker v. Bank of Am., N.A.*,
  806 F.3d 828, 831 (5th Cir. 2015) .................................................................8, 10, 11

*Sandhar v. Grewal*,
  No. H-08-2348, 2009 WL 175073 (S.D. Tex. Jan. 23, 2009)................................14

*Sgroe v. Wells Fargo Bank, N.A.*,
  No. 4:12–CV–144, 2013 WL 1739502 (E.D. Tex. Apr. 22, 2013) ..........................4

*Smallwood v. Bank of Am.*,
  No. 3:11-CV-1283-D, 2012 WL 32654 (N.D. Tex. Jan. 6, 2012).........................12

*Smith v. Wells Fargo Bank, N.A.*,
  No. 3:12-CV-4633-K-BN, 2013 WL 3324195 (N.D. Tex. June 28, 2013) ............11

*Smither v. Ditech Fin., L.L.C.*,
  681 Fed.Appx. 347 (5th Cir. 2017)...........................................................................11

*Snowden, et al, v. Wells Fargo Bank, N.A., et al*,
  Case 3:18-cv-01797-K-BN, Doc. No. 10 (N.D. Tex. Aug. 27, 2018) .......................1

*Sport Supply Group, Inc. v. Columbia Cas. Co.*,
   335 F.3d 453 (5th Cir. 2003) ...............................................13

*Steele v. Green Tree Servicing, LLC*,
   No. 3:09-CV-0603-D, 2010 WL 3565415 (N.D. Tex. Sept. 7, 2010) ....................................13

*Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*,
   940 F. Supp. 1026 (E.D. Tex. 1996) .......................................4

*Swannie v. Bank of New York, Mellon*,
   No. 4:11-CV-338-Y, 2012 WL 2942242 (N.D. Tex. July 19, 2012)......................................12

*Sweet v. Wachovia Bank & Trust Co.*,
   No. Civ.A. 3:03-CV-1212-R, 2004 WL 1238180 (N.D. Tex. Feb. 26, 2004).........................9

*Swim v. Bank of Am., N.A.*,
   No. 3:11-cv-1240-M, 2012 WL 170758 (N.D. Tex. Jan. 20, 2012) ........................................10

*Thompson v. Bank of Am. Nat. Ass'n*,
   783 F.3d 1022 (5th Cir. 2015) ...............................................12

*Valdez v. Fed. Home Loan Mortgage Corp.*,
   No. 3:11-cv-1363-F, 2011 WL 7068386 (N.D. Tex. Nov. 29, 2011)......................................4

*Vianet Grp. PLC v. Tap Acquisition*,
   No. 3:14-CV-3601-B, 2016 WL 4368302, at *9 ..................................15

*Watson v. Citimortgage, Inc.*,
   4:10–CV–707, 2012 WL 381205 (E.D. Tex. Feb. 3, 2012) ....................................9

*Westinde v. JPMorgan Chase Bank, N.A.*,
   No. 3:13-cv-3576-O, 2014 WL 4631405 (N.D. Tex. Sept. 16, 2014)....................................10

*Whatley v. AHF Fin. Servs.*,
   LLC, No. 4:11-CV-488, 2012 WL 7159707, at *5 (E.D. Tex. Dec. 17, 2012),
   *report and recommendation adopted*, No. 4:11-CV-488, 2013 WL 617050
   (E.D. Tex. Feb. 19, 2013) .......................................8

*Wigginton v. Bank of N.Y. Mellon*,
   No. 3:10–CV–2128–G, 2011 WL 2669071 (N.D. Tex. July 7, 2011)....................................16

*Wildy v. Wells Fargo Bank, NA*,
   No. 3:12-CV-01831-BF, 2012 WL 5987590 (N.D. Tex. Nov. 30, 2012) .................................8

*Wiley v. Deutsche Bank Nat'l Trust Co.*,
   539 F. App'x 533 (5th Cir. Sept. 6, 2013) (per curiam) ....................................4, 15

*Williams v. Travelers Ins. Co.*,
   99 F.3d 1135, 1996 WL 595617 (5th Cir. 1996) ....................................2

*Williams v. Wells Fargo Bank, N.A.,*
    560 F. App'x 233 (5th Cir. 2014) .................................................................10, 14

**Statutes**

TEX. FIN. CODE § 392.001(1) ..........................................................................................7

TEX. FIN. CODE § 392.001(2) ..........................................................................................7

TEX. FIN. CODE § 392.001(5) ..........................................................................................7

TEX. FIN. CODE §§ 392.001 *et. seq.* ................................................................................7

TEX. FIN. CODE § 392.301(a)(8)...................................................................................8, 9

TEX. FIN. CODE § 392.301(b)(3) ......................................................................................9

TEX. FIN. CODE § 392.303(a) .........................................................................................10

TEX. FIN. CODE § 392.303(a)(2) ...................................................................1, 9, 10, 11

TEX. FIN. CODE § 392.304(a)(8)..................................................................2, 11, 12, 13

TEX. FIN. CODE § 392.304 (a)(19) ............................................................................2, 13

TEX. FIN. CODE § 392.403(a)(2) ......................................................................................8

TEX. PROP. CODE § 51.002 ..........................................................................................5, 6

TEX. PROP. CODE § 51.0025 .............................................................................................5

TEXAS DEBT COLLECTION ACT § 392.201(a)(8) ..........................................................1

**Other Authorities**

FED. R. CIV. P. 8(a)(2)......................................................................................................4

FED. R. CIV. P. 12(b)(6) ................................................................................1, 3, 4, 16

FED. R. CIV. P. 15(a) ......................................................................................................16

FED. R. EVID. 201 .............................................................................................................2

FED. R. EVID. 201(b) ........................................................................................................2

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant U.S. Bank National Association ("U.S. Bank" or "Defendant") files this Motion to Dismiss and Brief in Support (the "Motion to Dismiss"), and respectfully shows the Court as follows:

# I.
## INTRODUCTION

Plaintiff Kenneth LaMothe, Jr. ("Plaintiff") filed this meritless foreclosure-prevention lawsuit to delay the foreclosure sale of the real property located at 9309 Water Oak Court, Arlington, Texas 76002 (the "Property") based on virtually the exact same form complaint and copy-and-paste claims that the Northern District has dismissed with prejudice: *Adams v. U.S. Bank, N.A.*, No. 3:17-CV-723-B-BN, 2018 WL 2164520, at *1 (N.D. Tex. Apr. 18, 2018), *report and recommendation adopted*, No. 3:17-CV-723-B-BN, 2018 WL 2150960 (N.D. Tex. May 10, 2018); *see also Adams v. U.S. Bank, N.A.* 3:17-CV-723-B-BN, 2017 WL 10296307, at *1 (N.D. Tex. Dec. 4, 2017), *report and recommendation adopted*, No. 3:17-CV-723-B-BN, 2018 WL 4621770 (N.D. Tex. Jan. 3, 2018).[1]  First, like in *Adams*, Plaintiff alleges that U.S. Bank violated the Texas Property Code because it did not send him a notice of default before sending notice of acceleration and notice of foreclosure and because it lacked capacity to issue notices.  Second, Plaintiff, similar to *Adams*, alleges that U.S. Bank threatened to foreclose despite having purportedly violated the Texas Property Code in violation of Section 392.201(a)(8) of the Texas Debt Collection Act ("TDCA"), that U.S. Bank attempted to collect unspecified amounts incidental to the note not expressly authorized by the note and/or deed of trust in violation of Section 392.303(a)(2), and that U.S. Bank used deceptive practices and made misrepresentations

---

[1] The allegations and claims raised are nearly identical to cases where the court also determined that the matter should be dismissed for failure to state a claim.  *See e.g. Snowden, et al, v. Wells Fargo Bank, N.A., et al*, Case 3:18-cv-01797-K-BN, Doc. No. 10 (N.D. Tex. Aug. 27, 2018), *report and recommendation adopted*, Case 3:18-cv-01797-K-BN, Doc. No. 13 (N.D. Tex. Sept. 17, 2018); *Orona, et al, v. Bank of America, N.A., et al*, Case 3:18-cv-01678-C, Doc. No. 15 (N.D. Tex. Oct. 24, 2018).

to Plaintiff in servicing his loan in violation of Section 392.304(a)(8) and (19).  Third, consistent with *Adams*, Plaintiff alleges that U.S. Bank's alleged statutory violations of the Texas Property Code constitute a breach of the deed of trust.  Plaintiff also seeks declaratory and injunctive relief precluding foreclosure.  Like *Adams*, this lawsuit should be dismissed with prejudice because Plaintiff's claims herein fail as a matter of law.

## II.
## STATEMENT OF FACTS

On or about June 13, 2013, in connection with the purchase of the Property, Plaintiff executed a promissory note (the "Note") made payable to Cornerstone Home Lending, Inc. ("Cornerstone") and a Deed of Trust (the "Deed of Trust"), which granted a security interest in the Property to secure repayment of the Note.  *See* Plaintiff's Amended Complaint (Doc. No. 8) (the "Complaint") ¶¶ 11-12; *see also* Deed of Trust, a true and correct recorded copy of the Deed of Trust is attached as Exhibit A to the Appendix in Support of Motion to Dismiss ("Appendix") at App. 01-14, and incorporated herein by reference.[2] (The Note and Deed of Trust are collectively referred to as the "Loan").  The Deed of Trust was subsequently assigned to U.S. Bank.  *See* Complaint ¶ 14; *see also* Transfer of Lien (the "Assignment"), a true and correct copy of which is attached as Exhibit B to the Appendix at App. 15-18, and incorporated herein by reference.[3]  Plaintiff obtained a temporary restraining order precluding the planned January 2, 2019 foreclosure sale and does not allege that a foreclosure has occurred.  *See* Doc. No. 1-6.

---

[2] In ruling on a motion to dismiss, a court may consider documents introduced and relied on by the plaintiff, even when those documents are actually submitted by the opposing party.  *Williams v. Travelers Ins. Co.*, 99 F.3d 1135, 1996 WL 595617, at *1 (5th Cir. 1996).  Plaintiff's allegations in this matter refer to and rely on the Deed of Trust. Further, "a court ruling on a 12(b)(6) motion may rely on . . . matters of which a court may take judicial notice." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).  A court may take judicial notice of matters contained in public records.  *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Additionally, pursuant to Federal Rule of Evidence 201, Defendant requests that the Court take judicial notice of the Deed of Trust.  *See* FED. R. EVID. 201(b).

[3] Pursuant to Federal Rule of Evidence 201, Defendant requests that the Court take judicial notice of the publicly-recorded Assignment.  *See* Fed. R. Evid. 201(b).

# III.
# ARGUMENT AND AUTHORITIES

## A.   RULE 12(B)(6) STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)).  "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).  While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)). In ruling upon a 12(b)(6) motion, courts should neither "strain to find inferences favorable to plaintiffs" nor accept "conclusory allegations, unwarranted deductions, or legal conclusions." *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal,* 129 S.Ct. at 1949.It

is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to "show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 129 S.Ct. at 1950. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc.*, 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

## B.    THE LACK OF CAPACITY TO FORECLOSE CLAIMS FAIL

Plaintiff complains that there is no endorsement or allonge to the Note.  Complaint ¶ 13. Such an allegation, however, does not support any claims in this lawsuit because U.S. Bank is not seeking to enforce the Note, but rather seeking to foreclose under the Deed of Trust.  *See Martins v. BAC Home Loans Servicing, L.P.,* 722 F.3d 249, 253-56 (5th Cir. 2013); *Sgroe v. Wells Fargo Bank, N.A.*, No. 4:12–CV–144, 2013 WL 1739502, at *4 (E.D. Tex. Apr. 22, 2013); *Martin v. Wells Fargo Bank, N.A.*, No. 4:11-CV-442, 2013 WL 694009, at *4 (E.D. Tex. Feb. 26, 2013); *Valdez v. Fed. Home Loan Mortgage Corp.*, No. 3:11-cv-1363-F, 2011 WL 7068386, at *2 (N.D. Tex. Nov. 29, 2011) ("proof of ownership of the Note is not a prerequisite for foreclosure"); *Hazzard v. ABN AMRO Mortg. Grp., Inc.*, No. A-11-CA-1019-SS, 2012 WL 8019258, at *2 (W.D. Tex. Feb. 23, 2012) ("Under Texas law, a party may be authorized to initiate foreclosure proceedings under a deed of trust, irrespective of whether that party is a 'holder' or 'holder in due course' of the related promissory note.")

The Assignment is publicly-recorded in the real property records of Tarrant County, Texas at Instrument No. D214142060, thereby evidencing that U.S. Bank is the mortgagee of record and thus authorized to foreclose on the Property. *See* Assignment, App. 15-18. An assignment of the Deed of Trust is contemplated in the Deed of Trust and by the statute allowing mortgagees and mortgage servicers to foreclose.  *See* Deed of Trust, App. 01-14; *Wiley v.*

*Deutsche Bank Nat'l Trust Co.*, 539 F. App'x 533, 535-37 (5th Cir. Sept. 6, 2013) (per curiam); TEX. PROP. CODE § 51.0025. U.S. Bank, as assignee of the Deed of Trust and mortgagee of record, has the authority to initiate foreclosure proceedings on the Property. Therefore, any claims based on Plaintiff's allegations that there is no indorsement or allonge to the Note fail as a matter of law and should be dismissed.

## C.    THE TEXAS PROPERTY CODE / WRONGFUL FORECLOSURE CLAIM FAILS

Plaintiff alleges that Defendant violated Section 51.002 of the Texas Property Code because he did not receive notice of default and notice of sale, because Defendant failed to give notice of default before giving notice of acceleration and sale, and because Defendant lacked the capacity to give the notices, presumably based on there purportedly being no indorsement or allonge on the Note. *See* Complaint ¶¶ 16-17, 25.

This Court, however, has rejected this exact same argument holding that Section 51.002 does not provide a private right of action. *See Adams*, 2017 WL 10296307, at * 4; *see also Nelson v. Wells Fargo Bank, N.A.*, No. 4:17-cv-298-A, 2017 WL 3405525, at *2 (N.D. Tex. Aug. 7, 2017); *Palomino v. Wells Fargo Bank, N.A.*, No. 615CV00375RWSKNM, 2017 WL 989300, at *3 (E.D. Tex. Feb. 17, 2017) ("As Defendants correctly point out, Section 51.002 of the Texas Property Code, however, does not provide Plaintiffs with a private right of action.") (internal quotation omitted), *report and recommendation adopted,* No. 2017 WL 978930 (E.D. Tex. Mar. 14, 2017); *Carey v. Wells Fargo*, No. CV H-15-1666, 2016 WL 4246997, at *2-3 (S.D. Tex. Aug. 11, 2016) ("Section 51.002 of the Texas Property Code, however, does not provide Plaintiffs with a private right of action."); *England v. JPMorgan Chase Bank, N.A.*, No. 4:14-CV-183-Y, 2014 WL 12588508, at *1 (N.D. Tex. June 19, 2014) ("Plaintiff asserts a claim under Texas Property Code section 51.002, but there is no private right of action under that provision . . . ."); *Ashton v. BAC Home Loan Servicing, L.P.*, No. 4:13-cv-810, 2013 WL

3807756, at *2 (S.D. Tex. Jul. 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism.").

Consequently, courts have construed claims for violation of Section 51.002 as claims for wrongful foreclosure.[4] As demonstrated herein, however, any wrongful foreclosure claim fails as a matter of law. To state a wrongful foreclosure claim under Texas law, Plaintiff must plead: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price. *See Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 253-56 (5th Cir. 2013); *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, at *5 (S.D. Tex. Jan. 24, 2013). Texas law, however, does not recognize a cause of action for an attempted wrongful foreclosure.[5] In this case, Plaintiff obtained a temporary restraining order precluding the foreclosure sale of the Property. *See* Doc. No. 1-6. Because the foreclosure sale did not occur, Plaintiff cannot state a wrongful foreclosure claim as a matter of law. Regardless, Plaintiff cannot allege sufficient facts necessary to establish each element of a wrongful foreclosure claim. Therefore, Plaintiff has failed to state a claim for violation of the Texas Property Code and wrongful foreclosure. These claims should be dismissed with prejudice.

---

[4]*See Palomino*, 2017 WL 989300, at *3; *Carey*, 2016 WL 4246997, at *3; *England*, 2014 WL 12588508, at *1; *Anderson v. National City Mortg.*, No. 3:11-CV-1687-N, 2012 WL 612562, at *6 (N.D. Tex. Jan. 17, 2012); *Johnson v. Vericrest Financial, Inc.*, No. 3:09-CV-1260-M, 2010 WL 3464971, at *4 (N.D. Tex. Aug. 27, 2010); *Ashton*, 2013 WL 3807756, at *2; *Bittinger v. Wells Fargo Bank NA,* No. H–10–1745, 2011 WL 3568206, at *4 (S.D. Tex. Aug. 15, 2011).

[5]*See Iroh v. Bank of Am., N A*, No. 4:15-CV-1601, 2015 WL 9243826, at *4 (S.D. Tex. Dec. 17, 2015) ("Claims for *attempted* wrongful foreclosure, however, are simply not cognizable under Texas law.") (emphasis in original); *Jolem, LLC v. Select Portfolio Servicing, Inc.*, No. H-14-3301, 2015 WL 3823642, at *8 (S.D. Tex. June 18, 2015) ("an attempted wrongful foreclosure claim is not recognized under Texas law"); *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011).

D.    **THE TDCA CLAIM FAILS AS A MATTER OF LAW**

The TDCA prohibits debt collectors from using threats, coercion, or other wrongful practices in the collection of consumer debts.  *See Gomez v. Wells Fargo Bank, N.A.*, 2010 WL 2900351, at *3 (N.D. Tex. July 21, 2012); *Brown v. Oaklawn Bank*, 718 S.W.2d 678, 680 (Tex. 1986).  To state a claim under the TDCA, a plaintiff must allege that: (1) the debt at issue is a consumer debt; (2) the defendant is a "debt collector" within the meaning of the TDCA; (3) the defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against the plaintiff; and (5) the plaintiff was injured as a result of the defendant's wrongful act.  *See* TEX. FIN. CODE §§ 392.001 *et. seq.* A consumer under the TDCA means "an individual who has a consumer debt." TEX. FIN. CODE § 392.001(1).  "Consumer debt" means "an obligation, or an alleged obligation, primarily for personal, family, or household purposes and arising from a transaction or alleged transaction." *Id.* 392.001(2).  "Debt collection" under the TDCA means "an action, conduct or practice in collecting consumer debts that are due or alleged to be due to a creditor." TEX. FIN. CODE § 392.001(5).

As an initial matter, the TDCA claims fail because the allegations in the Complaint are conclusory, lacking in specific facts, and therefore insufficient to plead a plausible claim. *See, e.g., Franklin v. BAC Home Loans Servicing, L.P.,* No. 10–cv–1174, 2011 WL 248445 at *3 (N.D. Tex. Jan. 26, 2011) ("Merely stating Defendant violated the [TDCA], without more factual allegations, is a legal conclusion couched as a factual assertion, which does not survive a motion to dismiss under the federal rules and applicable law."); *Brinson v. Universal Am. Mortg. Co.,* No. G-13-463, 2014 WL 4354451, at *7 (S.D. Tex. Sept. 2, 2014).  Plaintiff's TDCA claims are nothing more than a simple recitation of some of the elements of the TDCA, with limited factual enhancement warranting dismissal.

Additionally, Plaintiff must prove that he suffered an actual, foreseeable injury to state a TDCA claim.  *See* TEX. FIN. CODE § 392.403(a)(2).  Damages caused by the alleged violation of the TDCA are an essential element of a TDCA claim.  *Whatley v. AHF Fin. Servs.*, LLC, No. 4:11-CV-488, 2012 WL 7159707, at *5 (E.D. Tex. Dec. 17, 2012), *report and recommendation adopted*, No. 4:11-CV-488, 2013 WL 617050 (E.D. Tex. Feb. 19, 2013); *Hingst v. Providian Nat. Bank,* No. 14-02-01150-CV, 2003 WL 21467093, at *1 (Tex. Appx.—Houston [14th Dist.] June 26, 2003, no pet.) (citing Tex. Fin. Code § 392.403(a)(2)).  Plaintiff has not pled any actual damages that resulted from any alleged TDCA violation.  Instead, Plaintiff merely states, in conclusory fashion, that he is entitled to actual damages under the TDCA.  *See* Complaint ¶ 23. This is insufficient and the TDCA claims fail as a matter of law.

### 1.      The Claim for Violation of Section 392.301(a)(8) Otherwise Fails

Section 392.301(a)(8) prohibits "threatening to take an action prohibited by law."  TEX. FIN. CODE § 392.301(a)(8).  "However, foreclosure, or the threat of foreclosure, is not an action prohibited by law when a plaintiff has defaulted on their mortgage."  *Wildy v. Wells Fargo Bank, NA*, No. 3:12-CV-01831-BF, 2012 WL 5987590, at *3 (N.D. Tex. Nov. 30, 2012); *see also Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) ("the mortgagee would not have violated that subsection if it had retained its contractual right to foreclose and the mortgage was in fact in default. Here. . .  [the mortgagor] was in default at all times after October 2007. Thus, irrespective of any statutory notice requirements, [the mortgagee] did not violate Section 392.301(a)(8) by threatening to foreclose."); *Burr v. JPMorgan Chase Bank, N.A.,* No. 4:11–CV–03519, 2012 WL 1059043, at *7 (S.D. Tex. March 28, 2012) ("[I]t is well established that [defendant's] foreclosure on the [plaintiffs'] home after the [plaintiffs] admittedly defaulted on their mortgage loan is not an action prohibited by law."); *Nolasco v. CitiMortgage, Inc.*, No. CIV.A. H-12-1875, 2012 WL 3648414, at *6 (S.D. Tex. Aug. 23, 2012) (dismissing Section

392.301(a)(8) claim because foreclosure is not an action prohibited by law); *Clark v. Deutsche Bank Nat. Trust Co.*, No. 3:14-CV-3590-B, 2015 WL 4093948, at *12 (N.D. Tex. July 7, 2015) (dismissing Section 392.301(a)(8) claim because foreclosure is not action prohibited by law where plaintiffs admitted default on their loan); *Watson v. Citimortgage, Inc.,* 4:10–CV–707, 2012 WL 381205, at * 8 (E.D. Tex. Feb. 3, 2012) ("Foreclosure is not an action prohibited by law.").  Further, the TDCA does not prevent the exercise of a "contractual right of seizure, repossession, or sale that does not require court proceedings." TEX. FIN. CODE § 392.301(b)(3); *Sweet v. Wachovia Bank & Trust Co.*, No. Civ.A. 3:03-CV-1212-R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004).

Similar to *Adams*, Plaintiff claims that U.S. Bank violated Section 392.301(a)(8) by failing to give notice of default before issuing notices of acceleration and foreclosure and threatening to sell the Property. *See* Complaint ¶ 21(a).  But Plaintiff does not dispute that he defaulted under the Loan and was still in default when notice of acceleration and foreclosure sale were provided, and as a result, no violation of Section 392.301(a)(8) occurred by threatening to foreclose.  *See Adams*, 2018 WL 2164520, at *7 (dismissing with prejudice similar Section 392.301(a)(8) claim).  Consequently, Plaintiff cannot state a claim under Section 392.301(a)(8).

### 2.    The Claim for Violation of Section 392.303(a)(2) Otherwise Fails

Plaintiff alleges that U.S. Bank attempted to collect interest or a charge, fee, or expense incidental to the Note when such was not expressly authorized by the Note and/or Deed of Trust in violation of Section 392.303(a)(2).  *See* Complaint ¶ 21(a).  However, Plaintiff fails to state a claim under Section 392.303(a)(2) because he alleges insufficient facts to show that U.S. Bank attempted to collect charges that were not authorized by the Note and/or Deed of Trust.

Section 392.303(a)(2) prohibits using unfair or unconscionable means in debt collection such as "collecting or attempting to collect interest or a charge, fee, or expense incidental to the

obligation unless [the fee] is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." TEX. FIN. CODE § 392.303(a)(2).   Section 392.303(a)(2) "does not create a cause of action to challenge assessed fees as unreasonable." *Rucker*, 806 F.3d at 831-32.   To state a claim under Section 392.303(a)(2), a plaintiff must make more than a general assertion of "wrongful charges" and must identify the unauthorized fees or penalties that a defendant imposed. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 240 (5th Cir. 2014) (holding that a "claim general assertion of 'wrongful charges' is insufficient to state a claim under Section 392.303(a)(2)"); *Westinde v. JPMorgan Chase Bank, N.A.*, No. 3:13-cv-3576-O, 2014 WL 4631405, at *8 (N.D. Tex. Sept. 16, 2014) (granting a motion to dismiss a Section 392.303(a) claim where "Plaintiff fail[ed] to identify any fees or penalties incidental to his loan that Defendant imposed") (citing *Price v. U.S. Bank Nat'l Ass'n*, No. 3:13-cv-175-O, 2014 WL 803722, at *6 (N.D. Tex. Feb. 28 2014) ("Without any specific facts in support, [the plaintiff's] claim under § 392.303(a) (2) is subject to dismissal for failure to state a claim.")); *Bircher v. Bank of N.Y. Mellon*, No. 4:12-cv-171-Y, 2012 WL 3245991, at *3 (N.D. Tex. Aug. 9, 2012) (dismissing a Section 392.303(a)(2) claim where the "petition contain[ed] scant factual specificity regarding any misrepresented amounts"); *Swim v. Bank of Am., N.A.*, No. 3:11-cv-1240-M, 2012 WL 170758, at *6 (N.D. Tex. Jan. 20, 2012) (granting a motion to dismiss a Section 392.303(a)(2) claim where "Plaintiffs merely state a conclusory assertion that Defendants imposed wrongful charges on Plaintiffs' mortgage account").

Here, Plaintiff fails to allege sufficient facts showing that U.S. Bank attempted to collect charges that were not authorized by the Note and/or Deed of Trust.   In this regard, Plaintiff does not identify what amount U.S. Bank attempted to collect or describe the unfair or unconscionable means by which such amount was attempted to be collected.   Instead, Plaintiff merely alleges that unspecified payments were not accounted for or acknowledged, which is not the same as

attempting to collect charges not authorized by the Note and/or Deed of Trust, and cannot form the basis of a Section 392.303(a)(2) claim. Consequently, the Section 392.303(a)(2) claim fails as a matter of law and should be dismissed. *See Adams*, 2018 WL 2164520, at *11 (dismissing very same Section 392.303(a)(2) claim with prejudice).

### 3.  The Claim for Violation of Section 392.304(a)(8) Otherwise Fails

Section 392.304(a)(8) prohibits a debt collector, during debt collection, from using "a fraudulent, deceptive, or misleading representation that employs . . . misrepresenting the character, extent, or amount of a consumer debt . . . ." *See* Tex. Fin. Code § 392.304(a)(8). To state a claim for violation of Section 392.304(a)(8), Plaintiff must show that the debt collector 'made a misrepresentation that led [him] to be unaware (1) that [he] had a mortgage debt, (2) of the specific amount [he] owed, or (3) that [he] had defaulted." *Rucker v. Bank of America, N.A.*, 806 F.3d 828, 832 (5th Cir. 2015); *see also Smither v. Ditech Fin., L.L.C.,* 681 Fed.Appx. 347, 355 (5th Cir. 2017).

Here, Plaintiff alleges that U.S. Bank did not properly account for or acknowledge unspecified payments and requested Plaintiff pay sums above the amounts provided by the Note and Deed of Trust. *See* Complaint ¶ 21(c). However, Plaintiff does not allege that any purported misrepresentations caused him to believe that he: (1) did not have a mortgage debt of the specific amount he owed; or (2) had not defaulted, both of which are required to state a claim for violation of Section 392.304(a)(8) of the TDCA. *See Rucker*, 806 F.3d, at 832. "To withstand a motion to dismiss, a court must be able to discern not only that there was a misrepresentation but also how the defendant allegedly misrepresented the character, extent, or amount of the plaintiff's debt." *Smith v. Wells Fargo Bank, N.A.*, No. 3:12-CV-4633-K-BN, 2013 WL 3324195, at *12

(N.D. Tex. June 28, 2013).  Conclusory allegations will not support a claim under the TDCA.[6]

Plaintiff fails to allege what amount U.S. Bank stated he incorrectly owed and fails to allege what he believes were incorrect charges.  *See Smallwood*, 2012 WL 32664, at *3 ("For example, the court cannot determine from the complaint the amount that it was represented the Smallwoods owed compared to what they actually owed."); *Brooks v. Ocwen Loan Servicing*, LLC, No. H–12–1410, 2012 WL 3069937, at *7 (S.D. Tex. July 27, 2012) (dismissing TDCA claim where Plaintiff's allegations were only conjecture that amount owed on debt was incorrect and failed to show that fees charged by Defendants were not permitted under the Deed of Trust); *Alexander v. JPMorgan Chase Bank, N.A.*, No. 3:12–CV–00081, 2013 WL 391157, at * 3 (S.D. Tex. Jan. 30, 2013) (dismissing TDCA claim where plaintiff failed to plead that reinstatement quote was false or that the amount defendant asserted plaintiff owed contained improper fees in violation of the contract or statute).

Indeed, Plaintiff's "bare allegations regarding [U.S. Bank's] deviations, in one way or another, from the Note and Deed of Trust do not adequately plead that [U.S. Bank] made an affirmative statement to state a Section 392.304(a)(8) claim." *Adams*, 2018 WL 2164520, at *9 (dismissing similar Section 392.304(a)(8) claim with prejudice); *see also Thompson v. Bank of Am. Nat. Ass'n*, 783 F.3d 1022, 1026 (5th Cir. 2015) ("To violate the TDCA using a misrepresentation, the debt collector must have made an affirmative statement that was false or misleading."). The Section 392.304(a)(8) claim fails.

---

[6]*See Smallwood v. Bank of Am.*, No. 3:11-CV-1283-D, 2012 WL 32654, at *3 (N.D. Tex. Jan. 6, 2012); *Swannie v. Bank of New York, Mellon*, No. 4:11-CV-338-Y, 2012 WL 2942242, at *3 (N.D. Tex. July 19, 2012); *Carrillo v. Bank of Am., N.A.*, No. CIV.A. H-12-3096, 2013 WL 1558320, at *8 (S.D. Tex. Apr. 11, 2013); *Cole v. Fed. Home Loan Mortgage Corp.*, No. 3:11- CV-1833-M-BK, 2012 WL 555194, at *4 (N.D. Tex. Jan. 23, 2012) (plaintiff's complaint containing a single conclusory allegation could not survive defendants' motion to dismiss).

### 4. The Claim for Violation of Section 392.304(a)(19) Fails

The Section 392.304(a)(19) claim is based on the same allegations as the flawed Section 392.304(a)(8) claim. *See* Complaint ¶ 21(c). Plaintiff has not alleged that U.S. Bank made an affirmative statement that was false or misleading, and as a result, the Section 392.304(a)(19) claim fails. Section 392.304(a)(19) is a catch-all provision that prohibits a debt collector, during debt collection, from "using any other false representation or deceptive means to collect a debt." TEX. FIN. CODE § 392.304 (a)(19). To state a TDCA misrepresentation claim under Section 392.304(a)(19), a defendant must have made "an 'affirmative statement' that was false or misleading." *Chavez v. Wells Fargo Bank, N.A.*, 578 F. App'x 345, 348 (5th Cir. 2014) (citing *Verdin v. Fed. Nat'l Mortg. Ass'n,* 540 F. App'x 253, 257 (5th Cir. 2013)). Here, like the Section 392.304(a)(8) claim, Plaintiff alleges no specific facts showing that U.S. Bank made an affirmative statement that was false or misleading. Consequently, Plaintiff cannot state a claim under Section 392.304(a)(19).

### E. THE BREACH OF CONTRACT CLAIM FAILS AS A MATTER OF LAW

Plaintiff's breach of contract claim is premised on the same allegations that form the basis of the flawed Texas Property Code violations claim, *i.e.* that notice of default was not provided before sending notice of acceleration and notice of foreclosure and that the notices that were sent are improper because Defendant lacked the capacity to give them. *See* Complaint ¶¶ 26-28. The breach of contract claim, however, is without merit and fails as a matter of law.

To prevail on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Group, Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003); *Steele v. Green Tree Servicing, LLC*, No. 3:09-CV-0603-D, 2010 WL 3565415, at *4 (N.D. Tex.

Sept. 7, 2010) (citations omitted); *Hackberry Creek Country Club, Inc. v. Hackberry Creek Home Owners Ass'n*, 205 S.W.3d 46, 55 (Tex. App.—Dallas 2006, pet. denied).

"But, it is not enough to generally allege the existence of a contract and generally allege that a contract has been breached. Instead, to state a plausible breach of contract claim a plaintiff must allege which provision of an identified contract has been breached." *Caine v. Wells Fargo Bank, N.A.*, No. H-17-2046, Doc. No. 60 at p. 5 (S.D. Tex. Jun. 8, 2018). Thus, to survive a motion to dismiss, Plaintiff must identify the specific provisions of the contract that he alleges were breached. *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of contract of a note and deed of trust must identify the specific provisions in the contract that was breached."); *Baker v. Great N. Energy, Inc.,* 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014) ("This Court and other throughout this Circuit has consistently indicated that, as a general rule, 'a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.'"); *Garza v. J.P. Morgan, Alternative Loan Trust, 2007-SI, Mortg. Pass-Through Certificates*, No. 1:17CV82, 2017 WL 6513655, at *5 (S.D. Tex. Oct. 25, 2017, *report and recommendation adopted*, No. CV B-17-082, 2017 WL 6498142 (S.D. Tex. Dec. 18, 2017) ("To prevail, a plaintiff must identify a contract and the specific provisions of that contract that the defendant allegedly breached."); *Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015) (affirming dismissal of breach of contract claim where plaintiff did not specify which provision in the deed of trust was breached); *King v. Wells Fargo Bank, N.A.*, No. 3-11-CV-0945-M-BD, 2012 WL 1205163 at *2 (N.D. Tex. March 20, 2012) ("Under Texas law, . . . a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant."); *Sandhar v. Grewal*, No. H-08-2348, 2009 WL 175073, at *4 (S.D. Tex. Jan. 23, 2009) (stating

that a plaintiff "must plead . . . the provisions of the contract allegedly breached" to survive a motion to dismiss).

The breach of contract claim fails because Plaintiff has not alleged any specific provision in the Deed of Trust that was allegedly breached.  Further, the lack of capacity allegations do not support a breach of contract claim because the Assignment, which is filed of record, evidences that U.S. Bank is the mortgagee of record.  *See* Assignment; *Wiley,* 539 F. App'x at 535-37.

Moreover, as in *Adams*, Plaintiff has not properly pled recoverability of damages for the alleged breach of contract.  Plaintiff merely alleges that he "has incurred actual damages by having title to, and possession, use and enjoyment of the Property jeopardized." *See* Complaint ¶ 29.  As this Court has already recognized, Plaintiff's allegations regarding title, possession, use, and enjoyment of the Property being jeopardized "are more properly characterized as a threat of damages rather than actual damages suffered." *See Adams*, 2017 WL 10296307, at * 6.  Indeed, such allegations are insufficient to state a breach of contract claim because they are not actual injuries, but merely the threat of injuries.

Additionally, filing fees and attorney fees are a remedy for a breach of contract, but "do not constitute actual damages sufficient to sustain a breach of contract claim." *See Adams*, 2017 WL 10296307, at * 6 (citing *Vianet Grp. PLC v. Tap Acquisition*, No. 3:14-CV-3601-B, 2016 WL 4368302, at *9 (N.D. Tex. Aug. 16, 2016) (concluding that the Supreme Court of Texas would not characterize attorneys' fees as damages "if they were subsequently incurred prosecuting a breach of contract claim")).  Because Plaintiff has not adequately pled any damages, the breach of contract claim should be dismissed.  *See Adams*, 2018 WL 2164520, at *6 (dismissing similar breach of contract claim with prejudice).

F.        THE REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF SHOULD BE DENIED

A request for declaratory judgment is remedial in nature and dependent upon the assertion of viable causes of action. *See Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170-71 (5th Cir. 1990); *Wigginton v. Bank of N.Y. Mellon*, No. 3:10–CV–2128–G, 2011 WL 2669071, at \*5 (N.D. Tex. July 7, 2011); *Broyles v. Chase Home Fin.*, No. 3:10-CV-2256-G, 2011 WL 1428904, at \*2 (N.D. Tex. Apr. 13, 2011). Similarly, a request for injunctive relief is not a cause of action itself, but is dependent on an underlying cause of action. *See Cook v. Wells Fargo Bank, N.A.*, No. 3:10-CV-592-D, 2010 WL 2772445, at \*4 (N.D. Tex. Jul. 12, 2010); *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). Because Plaintiff has failed to assert any viable causes of action against Defendant, Plaintiff is not entitled to any declaratory relief or injunctive relief and such requests should be denied.

G.        DISMISSAL WITH PREJUDICE IS APPROPRIATE

Although "a court should freely give [a party] leave" to amend pleadings "when justice so requires," FED. R. CIV. P. 15(a), a court should deny leave to amend when the amendment, if granted, will be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule 12(b)(6), and if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (stating "because . . . the proposed amended complaint could not survive a FED. R. CIV. P. 12(b)(6) motion" allowing plaintiff "to amend the complaint would be futile"). As demonstrated herein, Plaintiff's claims fail as a matter of law, and as a result, allowing Plaintiff to file another amended complaint after the court has already

given him an opportunity to amend would be futile.  Therefore, the Court should dismiss this

lawsuit with prejudice.

**IV.**

**CONCLUSION**

WHEREFORE, based on the foregoing, Defendant respectfully requests that the Court

grant its Motion to Dismiss, dismiss this lawsuit with prejudice, and grant it all other and further

relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/  Brenda A. Hard-Wilson*

**Marc D. Cabrera**
  State Bar No. 24069453
  mcabrera@lockelord.com
**Brenda A. Hard-Wilson**
  State Bar No. 24059893
  brenda.hard-wilson@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document
was served upon all parties of record *via the Court's CM/ECF system and/or certified mail,
return receipt requested* pursuant to the Federal Rules of Civil Procedure on this 9th day of April
2019.

*/s/ Brenda A. Hard-Wilson*
Counsel for Defendant